**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Miscellaneous Case No. 22-mc-00072-RM

LAUREN GERK,

    Movant,

v.

MORGAN TIMOTHY CARROLL,

    Respondent.

---

**ORDER**

---

Before the Court is Movant's Motion for a Protective Order (ECF No. 1), seeking an order quashing a subpoena to appear at a deposition and prohibiting Respondent from serving any further subpoenas on Movant without leave of court.  The Court ordered expedited briefing on the Motion, which is now completed.  (ECF Nos. 5, 6.)  The Motion is denied for the reasons below.

**I.    BACKGROUND**

Movant's father sued Respondent, his son-in-law, in the United States District Court for the Northern District of Illinois, seeking to enforce two promissory notes and to recover more than eight million dollars in damages.  Respondent asserts the notes are not enforceable because they were made for an illegal purpose as part of a scheme by Movant's father "to evade taxes on millions of dollars in gifts he made to his daughters and their spouses by disguising them as

loans." (ECF No. 5 at 2.)  Respondent further asserts that Movant participated in the scheme by executing "notes identical to those at issue in the Illinois Litigation," prompting the subpoena.

## II.     LEGAL STANDARDS

Pursuant to Fed. R. Civ. P. 45(d)(3), "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter" or "subjects a person to undue burden."

Pursuant to Fed. R. Civ. P. 26(c), any person from whom discovery is sought may move for a protective order in the court for the district where the deposition will be taken, and, for good cause the court may issue an order to protect such person from "annoyance, embarrassment, oppression, or undue burden or expense."

The movant bears the burden of persuasion on a motion to quash a subpoena. *Sea Tow Int'l, Inc. v. Pontin*, 246 F.R.D. 421, 424 (E.D.N.Y. 2007).  Although irrelevance is not on the list of reasons for quashing a subpoena found in Fed. R. Civ. P. 45, it is well settled that the scope of discovery under a subpoena is the same as the scope of discovery under Rules 26(b) and 34 of the Federal Rules of Civil Procedure.  *See Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Servicenter of Haverstraw, Inc.*, 211 F.R.D. 658, 662 (D. Kan. 2003).  If the relevancy of the discovery sought is not apparent, the party seeking the discovery bears the burden of establishing relevancy of the request.  *See Steil v. Humana Kansas City, Inc.*, 197 F.R.D. 442, 445 (D. Kan. 2000).

## III.    ANALYSIS

Movant first contends a protective order is justified because she has little to no relevant information.  The Court disagrees.  Respondent has adduced evidence that Movant's father has

had considerable involvement with the finances of Movant, her sisters, and their spouses, including materials from a three-day seminar on the topic held in 2013. In light of the family's trusts and various other estate planning instruments, the Court finds Movant's attempt to compartmentalize her "private financial arrangement with her father" unpersuasive and agrees with Respondent's contention that her testimony could be relevant in the Illinois case.

Movant also contends Respondent should seek information from parties instead of through expansive third-party discovery. The Court agrees that obtaining information from parties is generally preferable to involving third parties, but Movant's testimony is potentially relevant to Respondent's legal theory that personal notes were used to provide mortgage assistance to family members while evading gift taxes. Under the circumstances presented, the Court is not persuaded that the promissory notes signed by Respondent must or can be isolated from the bigger picture, which reveals extensive financial planning to benefit family members on the part of Movant's father.

Finally, Movant contends the information sought appears to be confidential and protected. But Movant's father put his financial arrangements with the family at issue by suing his son-in-law. Decisions about redacting testimony, issuing protective orders, or restricting access to documents are best left to the Illinois court.

Although Respondent suggests that transferring this matter to the Illinois court is appropriate, he has not filed a separate motion seeking such relief. *See* D.C.COLO.LCivR 7.1(d) ("A motion shall not be included in a response or reply to the original motion."). Therefore, the Court declines to transfer this case.

## IV. CONCLUSION

Accordingly, the Motion for a Protective Order (ECF No. 1) is DENIED.

DATED this 24th day of May, 2022.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge